IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Timothy Parnell Strong™<br>1805 Clemson Rd PMB 290598<br>Columbia, SC 29229<br>Plaintiff, Pro Se<br><br>v.<br><br>Portfolio Recovery Associates, LLC<br>120 Corporate Blvd<br>Norfolk, VA 23502<br><br>Experian Information Solutions, Inc.<br>475 Anton Blvd<br>Costa Mesa, CA 92626<br>Defendants. | Case No.: |

RCVD – USDC COLA SC
DEC 29 '25 PM 2:45

COMPLAINT

I. INTRODUCTION

Plaintiff Timothy Parnell Strong™, a natural person, brings this action for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 et seq., the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681 et seq., and for unauthorized commercial use of Plaintiff's trademarked name in violation of the Lanham Act, 15 U.S.C. §1125(a). Defendants reported, verified, stored, and published inaccurate, misleading, and unvalidated information concerning Plaintiff, even after receiving lawful disputes and demands for validation. Defendants also used Plaintiff's trademarked name and variations thereof without authorization in commercial reporting systems, constituting a separate federal violation.

II. JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction under 28 U.S.C. §1331.
2. Venue is proper under 28 U.S.C. §1391.
3. Defendants conduct business in South Carolina.

III. PARTIES

4. Plaintiff Timothy Parnell Strong™ is a natural person residing in Columbia, South Carolina.

5. Defendant Portfolio Recovery Associates, LLC (PRA) is a debt buyer and debt collector.

6. Defendant Experian Information Solutions, Inc. (Experian) is a consumer reporting agency.

## IV. FACTUAL ALLEGATIONS

A. PRA Failed to Validate the Alleged Debts

7. Plaintiff disputed two alleged collection accounts reported by PRA.

8. PRA failed to provide proper validation as required by 15 U.S.C. §1692g(b).

9. PRA provided no signed contract, no bill of sale referencing Plaintiff, no chain of title, and no itemized accounting.

10. PRA continued reporting despite lacking validation.

B. Experian Failed to Reinvestigate

11. Plaintiff submitted a Method of Verification Request under 15 U.S.C. §1681i(a).

12. Experian failed to identify who it contacted or what documents it relied upon.

13. Experian continued reporting the PRA accounts.

14. Experian added the notation "Completed investigation of FCRA dispute – consumer disagrees."

15. Experian failed to comply with §1681e(b).

C. Unauthorized Use of Plaintiff's Trademarked Name

16. Plaintiff's name, "Timothy Parnell Strong™," is a protected trademark.

17. Defendants used Plaintiff's trademarked name and variations thereof in commerce without authorization.

18. Defendants used Plaintiff's name in consumer reports, debt-collection systems, and internal/external databases.

19. Such use constitutes commercial misidentification and unauthorized commercial use under 15 U.S.C. §1125(a).

20. Plaintiff seeks a permanent injunction.

D. Damages

21. Plaintiff suffered emotional, financial, and reputational harm.

V. CAUSES OF ACTION

COUNT 1 – FDCPA Violations (Against PRA)

22. PRA violated 15 U.S.C. §§1692e and 1692g.

COUNT 2 – FCRA §1681i Violations (Against Experian)

23. Experian failed to reinvestigate.

COUNT 3 – FCRA §1681s-2(b) Violations (Against PRA)

24. PRA failed to investigate after receiving notice of dispute.

COUNT 4 – FCRA §1681e(b) Violations (Against Experian)

25. Experian failed to ensure accuracy.

COUNT 5 – Unauthorized Use of Trademark (Against Both Defendants)

26. Defendants violated 15 U.S.C. §1125(a).

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

a. Statutory damages under FDCPA and FCRA;

b. Actual damages;

c. Punitive damages;

d. Costs and fees;

### PERMANENT INJUNCTION

e. A permanent injunction prohibiting Defendants and all agents, subsidiaries, furnishers, contractors, and data processors from:

   1. Any unauthorized use, storage, reporting, publication, or transfer of Plaintiff's trademarked name "Timothy Parnell Strong™" or any confusingly similar variation;

   2. Associating Plaintiff's trademarked name with any alleged debt or credit reporting activity without verified lawful authority and Plaintiff's explicit written consent;

   3. Retaining Plaintiff's name in any databases, archival systems, or automated reporting platforms.

f. Injunction requiring deletion of PRA tradelines.

g. Declaratory relief confirming unauthorized use of Plaintiff's trademark.

h. Damages up to $75,000 per Defendant, with final apportionment to be determined by the Court.

i. All other relief deemed just and proper.

VII. JURY DEMAND

Plaintiff demands a jury trial.

VIII. SIGNATURE

Executed on the land,

Respectfully submitted,

*[signature]*

Timothy Parnell Strong™

Pro Se Plaintiff

1805 Clemson Rd PMB 290598

Columbia, SC 29229