IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Timothy Parnell Strong, | ) | C/A No. 3:25-cv-14002-TMC-KFM |
| Plaintiff; | ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. | ) | |
| Portfolio Recovery Associates, LLC;<br>Experian Information Solutions, Inc.; | ) | |
| Defendants. | ) | |

        This is a civil action filed by a *pro se* plaintiff.  Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in this case and submit findings and recommendations to the district judge.

## PROCEDURAL HISTORY

        The plaintiff's complaint was entered on the docket on December 29, 2025 (doc. 1). By order dated January 13, 2026, the plaintiff was given an opportunity to provide the necessary information to bring the case into proper form for evaluation and possible service of process (doc. 12).  The plaintiff was warned that failure to provide the necessary information and paperwork within the timetable set in the order may subject the case to dismissal (*id*. at 1).  The plaintiff was also advised of his duty to keep the court informed as to his current address (*id*. at 2).  The plaintiff did not respond to the order.  On February 12, 2026, the proper form order was returned to the Court as undeliverable mail and stamped, "return to sender no such street unable to forward" (doc. 14 at 1).  Based on the undeliverable mail, on February 26, 2026, the undersigned issued a report and recommendation recommending that the instant matter be dismissed pursuant to Rule 41 of the Federal Rules of Civil Procedure (doc. 17).  On March 18, 2026, the plaintiff filed

objections to the report arguing that he had not received the proper form order issued by the undersigned and requesting additional time to bring his case into proper form (docs. 19; 21). On March 19, 2026, the Honorable Timothy M. Cain, Chief United States District Judge, entered an order declining to adopt the undersigned's recommendation and providing the plaintiff with an opportunity to submit documents in compliance with the proper form order (doc. 22). On March 30, 2026, the plaintiff submitted documents to the court; however, the proposed summons has not been completed correctly as it does not comply with Rule 4(h) of the Federal Rules of Civil Procedure and does not include information for the plaintiff as instructed. As such, this case has not been brought into proper form at this time.

### APPLICABLE LAW & ANALYSIS

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

As noted above, the plaintiff filed this action seeking damages and injunctive relief from the defendants (*see* doc. 1). However, the instant matter is subject to dismissal. It is well established that a court has the authority to dismiss a case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (emphasis added). In addition

to its inherent authority, this court may also *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id*. at 630. In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree of personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

Here, the factors weigh in favor of dismissal. With respect to factors (1) and (3), as noted, the plaintiff has failed to bring his case into proper form (*see* docs. 12; 22). For example, despite being provided instructions on how to complete a proposed summons for the defendants to allow the Court to issue a summons for the plaintiff to effectuate service on the defendants (if authorized), the plaintiff ignored those instructions and has not submitted properly completed summons for the defendants. As such, the plaintiff has failed to comply with the court's orders of January 13, 2026, and March 19, 2026 (docs. 12; 22). The proper form order warned the plaintiff of the consequences of failing to comply with instructions to bring his case into proper form, including the dismissal of the case pursuant to Fed. R. Civ. P. 41(b) (doc. 12 at 1). The order issued by Chief Judge Cain also warned the plaintiff of the consequences of failing to bring his case into proper form (doc. 22). The plaintiff was also instructed in the proper form order to keep his address updated with the court (*see* doc. 12 at 2). As such, despite warnings that his case may be dismissed for failing to comply with a court order, the plaintiff has not provided the court with the required documentation. Accordingly, as the plaintiff has failed to comply with the court's orders and has been previously warned that such failure could result in dismissal, it appears that less

drastic sanctions would not be appropriate.  As such, the undersigned recommends that the instant action be dismissed for failure to comply with orders of the court.

### RECOMMENDATION

As noted above, the plaintiff has failed to bring his case into proper form. Therefore, the undersigned recommends that the district judge dismiss this action without prejudice, without leave to amend, and without issuance and service of process pursuant to Rule 41 of the Federal Rules of Civil Procedure.  *See Britt v. DeJoy*, 45 F.4th 790, 791 (4th Cir. 2022) (published) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend . . . the order dismissing the complaint is final and appealable").  **The attention of the parties is directed to the important notice on the next page.**

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald
United States Magistrate Judge

April 14, 2026
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).