**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| Timothy Parnell Strong, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 3:25-cv-14002-TMC |
| v. | ) | |
| | ) | **ORDER** |
| Portfolio Recovery Associates, LLC; | ) | |
| Experian Information Solutions, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, a *pro se* litigant, filed this action pursuant to various federal statutes seeking monetary damages and other relief against Defendants. (ECF No. 1).  In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was automatically referred to a United States Magistrate Judge for all pretrial proceedings.  On January 13, 2026, the magistrate judge issued an order directing Plaintiff to bring the case into proper form for evaluation and potential service of process. (ECF No. 12). The proper form order was sent to the address Plaintiff provided the court - 1805 Clemson Rd., PMB 290598, Columbia, SC 29229. (ECF No. 13). On February 12, 2026, the proper form order was returned to the court marked "Return to sender, no such street, unable to forward." (ECF No. 14).  On February 26, 2026, Judge McDonald issued a report and recommendation (the "February 26 R & R") recommending dismissal of this action under Rule 41 of the Federal Rules of Civil Procedure in view of Plaintiff's failure to bring the case into proper form or keep the court advised of his address as instructed. (ECF No. 17). The February 26 R & R was mailed to the above-referenced address – the only one Plaintiff has used in this case. (ECF No. 18). This time it was not returned as undeliverable.  On March 18, 2026, two days after the time for filing objections expired, the court received Plaintiff's objections to the

February 26 R & R. (ECF No. 19). Plaintiff confirmed the address used by the court is correct but claimed that he did not receive the proper form order as reflected by its return to the court. Plaintiff did receive the February 26 R & R; hence, he was able to file objections. Plaintiff sought an opportunity to comply with the proper form order and bring his case into compliance. Plaintiff's objections were also docketed as a "motion for opportunity to cure proper form deficiencies." (ECF No. 21).

On March 19, 2026, the court issued an order noting that it was unclear why the proper form order (ECF No. 12) was returned as undeliverable and declining, out of an abundance of caution, to adopt the February 26 R & R.  (ECF No. 22).  The court, therefore, granted the motion for an opportunity to cure deficiencies and bring the case into proper form and recommitted the matter to the assigned magistrate judge.   The court's order also contained this important admonishment:

> **PLAINTIFF IS ADVISED HE MUST COMPLY WITH THE MAGISTRATE JUDGE'S ORDER (ECF No. 12) and BRING HIS CASE INTO PROPER FORM BY 5:00 PM ON TUESDAY MARCH 31, 2026. PLAINTIFF'S RESPONSE TO THE MAGISTRATE JUDGE'S ORDER (ECF No. 12) MUST BE RECEIVED BY THE CLERK'S OFFICE BY 5:00 PM ON TUESDAY MARCH 31, 2026. NO ADDITIONAL DAYS WILL BE GRANTED FOR SUBMISSION BY MAIL. <u>IF PLAINTIFF FAILS TO RESPOND BY THE TIME AND DATE INDICATED, THIS ACTION WILL BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDERS</u>.**

(ECF No. 22).  The court's order (ECF No. 22) and the magistrate judge's proper form order (ECF No. 12) were then mailed to Plaintiff at his correct address, as confirmed by Plaintiff. (ECF No. 23).   Because these orders were not returned as undeliverable, Plaintiff is presumed to have received them.  Finally, on March 30, 2026, the court received additional documents from Plaintiff. (ECF Nos. 24, 25).

Now before the court is the magistrate judge's Report and Recommendation (the "Report"), (ECF No. 28), issued on April 14, 2026, and concluding that the documents submitted by Plaintiff to the court on March 30, 2026, failed to bring the case into proper form. The magistrate judge found that "the proposed summons has not been completed correctly as it does not comply with Rule 4(h) of the Federal Rules of Civil Procedure and does not include information for the plaintiff as instructed." *Id*. at 2. Accordingly, the magistrate judge recommended, based on a review of factors pursuant to *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978), that this action be dismissed without prejudice, without leave to amend, and without issuance and service of process pursuant to Rule 41 of the Federal Rules of Civil Procedure. *Id*. at 4. The Report was mailed to Plaintiff at his confirmed address (ECF No. 29) with instructions advising him of the right to file specific and timely objections to the Report and of the consequences of failing to do so. (ECF No. 28 at 5). Plaintiff has not filed any objections to the Report, and the time for doing so has expired.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating

3

only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))).  Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note).  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation.  *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Having reviewed the Report and the record and, finding no clear error, the court agrees with and **ADOPTS** the magistrate judge's findings and recommendations in the Report (ECF No 28), which is incorporated herein by reference. Accordingly, this action is hereby **DISMISSED** without prejudice, without leave to amend, and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

Anderson, South Carolina
May 5, 2026

4

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.